IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ISAAC OPIYO,<br><br>Plaintiff,<br><br>vs.<br><br>VERIDIAN CREDIT UNION, TRANSUNION LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendants. | 8:25CV470<br><br><br>ORDER |

    This matter is before the Court on Plaintiff's motion for leave to file a sur-reply or, in the alternative, for leave to file an amended complaint. Filing No. 35. For the reasons below, the motion is granted in part and denied in part.

    Plaintiff filed this action on July 21, 2025 alleging a violation of the Fair Credit Reporting Act and violation of state law relating to the repossession of a vehicle. Filing No. 1. Thereafter, on August 26, 2025, Defendant Experian Information Solutions, Inc. filed an answer and Defendants Equifax Information Services, LLC, Transunion LLC, and Veridian Credit Union (collectively "Defendants") filed a joint motion to dismiss. Filing No. 22. Plaintiff filed a response brief on September 15, 2025, Filing No. 27, and the moving defendants replied on September 22, 2025. Filing No. 34. Plaintiff now seeks to file a sur-reply brief, or in the alternative, Plaintiff requests leave to file an amended complaint. Plaintiff attaches a copy of

1

his proposed amended complaint to his motion. See Filing No. 35-1. Plaintiff's proposed sur-reply can be found on the record at Filing No. 37.

In support of his motion Plaintiff argues that Defendants' reply brief in support of their motion to dismiss raised new arguments and contained documents outside of the pleadings meriting a response. Filing No. 36. In the alternative, Plaintiff moves for leave to amend his complaint, contending the amended complaint cures deficiencies raised in Defendants' motion to dismiss. Filing No. 36 at 2.

Defendants oppose Plaintiff's motion in its entirety. As to the motion for sur-reply Defendants contend the request should be denied, and the sur-reply be stricken, as Defendants' reply brief did not introduce any new matters necessitating further briefing. Filing No. 40. Additionally, they contend the already filed sur-reply should be stricken as it was filed prior to the Court granting leave as required in NECivR 7.1(c)(3). As to the motion for leave to amend, Defendants argue the motion should be denied as futile because of the defects identified in their already pending motion to dismiss.

There is no provision in either the Federal Rules of Civil Procedure or the Court's local rules expressly authorizing the filing of a sur-reply. The Court's local rules permit the filing of a sur-reply but only with leave of the court. NECivR 7.1(c). Whether to allow a sur-reply is a matter in the court's discretion. See *Postawko v. Missouri Dep't of Corr.*, 910 F.3d 1030, 1037 n.3 (8th Cir. 2018). Upon review, the Court finds the Plaintiff has had a full and fair opportunity to respond to Defendants' motion to dismiss and a sur-reply is not warranted. Accordingly, Plaintiff's motion for leave to file a sur-reply is denied and Filing No. 35 is stricken.

Plaintiff's alternative request for leave to amend his complaint will be granted. Rule 15 of the Federal Rules of Civil Procedure governs amended pleadings. Rule 15(a) provides in pertinent part:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Whether or not to grant leave to amend is within the Court's discretion. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–32 (1971). Factors to consider in determining whether leave to amend should be granted include but are not limited to: (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile. See *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)

Here, there is no indication the motion was filed in bad faith and Plaintiff, proceeding pro se, sought leave to amend shortly after his time to amend as a matter of course expired.[1] While Defendants generally argue the timing of the amendment would "unquestionably prejudice" them, this case is still in its infancy. To that same point, Defendants contend the amendment is futile and Plaintiff's additional allegations do not cure the outstanding defects. But Plaintiff's proposed amendment supplements his underlying complaint. In such circumstances, Plaintiff should have the opportunity to present all facts and allegations prior to the Court reaching the merits of the motion to dismiss. And the Court notes, the filing of an amended pleading does not necessarily moot a pending motion to dismiss. *See* 6

---

[1] Defendants' motion to dismiss was filed on August 26, 2025 and Plaintiff's motion for leave to amend was filed on September 24, 2025 – 29 days later.

3

Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (3d ed. 2010) ("If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading."); Thigulla v. Jaddou, No. 4:22CV3168, 2022 WL 4608899, at *1 (D. Neb. Sept. 30, 2022), appeal dismissed and remanded, 94 F.4th 770 (8th Cir. 2024). "If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." Bishop v. Abbott Lab'ys, No. 19-CV-420 2019 WL 6975449, at *3 (D. Minn. Dec. 20, 2019); see also Cartier v. Wells Fargo Bank, N.A., 547 F. App'x 800, 803–04 (8th Cir. 2013) (noting that it is within a district court's discretion to treat a motion to dismiss the original complaint as a motion to dismiss the amended complaint).

For these reasons, Plaintiff's motion to amend his complaint is granted. Pursuant to NECivR 15(b), Plaintiff's amended complaint, once filed,[2] will be supplemental to the Complaint and will not supersede the original pleading.

IT IS ORDERED:

1. Plaintiff's motion, Filing No. 35, is granted in part and denied in part. Plaintiff's motion for leave to file a sur-reply is denied. Plaintiff's motion to file an amended complaint is granted.
2. Plaintiff's sur-reply, Filing No. 35, is stricken.
3. On or before October 31, 2025, Plaintiff shall file a signed copy of his amended complaint, Filing No. 35-1. The amended complaint will be supplemental to the Complaint, Filing No. 1, and does not supersede the original pleading.

---

[2] For clarity purposes only, Plaintiff shall separately file a signed copy of his proposed amended complaint (Filing No. 35-1). Plaintiff is not granted leave to make any revisions other than those found in Filing No. 35-1.

4

Dated this 24th day of October, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge