IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ISAAC OPIYO,<br><br>      Plaintiff,<br><br>  v.<br><br>VERIDIAN CREDIT UNION, TRANSUNION LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and EQUIFAX INFORMATION SERVICES, LLC,<br><br>      Defendants. | 8:25CV470<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the Court on a joint motion to dismiss (Filing No. 22) filed by defendants Veridian Credit Union ("Veridian"), Equifax Information Services LLC ("Equifax"), and Trans Union LLC ("Trans Union" and collectively, the "joint defendants"). *See* Fed. R. Civ. P. 12(b)(1), (b)(6), (c). Also pending is a motion to dismiss (Filing No. 46) filed by defendant Experian Information Solutions, Inc. ("Experian"). *See* Fed. R. Civ. P. 12(b)(6).

  In support of their motion, the joint defendants rely on an amended affidavit (Filing No. 24-1) from Christina Christensen, Veridian's Manager of Account Resolution. According to the joint defendants, the affidavit and three attached exhibits "demonstrate compliance with Nebraska law, negating any injury and depriving [*pro se*[1] plaintiff Isaac Opiyo ("Opiyo")] of Article III standing for" his claim for wrongful repossession under Nebraska law. The joint defendants contend those outside materials are necessarily embraced by the pleadings, allowing the Court to consider them in deciding their motion.

---

[1]Because Opiyo is proceeding *pro se*, the Court must liberally construe his amended complaint and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*See Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012) (concluding a district court can consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned" on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (quoting 5B C. Wright & A. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004))).

Opiyo disagrees with the joint defendants' conclusions and their methods (Filing Nos. 28, 49). To make his point, he too relies on multiple exhibits (Filing No. 26) that he says establish his standing to bring suit. *See Angel v. Williams*, 12 F.3d 786, 789 (8th Cir. 1993) (noting a *pro se* complainant might not know he can "come forward with matters outside the complaint when the other party presents such matters to the court").

Opiyo and the joint defendants each claim the other is improperly relying on outside evidence and suggest the Court should disregard it.[2] For his part, Opiyo "contests both the authenticity and adequacy of [the joint defendants'] exhibits." Neither party has asked for a hearing. *See*, *e.g.*, *Frost v. Sioux City, Iowa*, 920 F.3d 1158, 1162 (8th Cir. 2019) (reviewing the "district court's failure to hold an evidentiary hearing on the issue of standing for abuse of discretion"); *Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008) ("Motions to dismiss for lack of subject-matter jurisdiction can be decided in three ways: at the pleading stage, like a Rule 12(b)(6) motion; on undisputed facts, like a summary judgment motion; and on disputed facts."); *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990) ("If the defendant thinks the court lacks jurisdiction, the proper course is to request an evidentiary hearing on the issue.").

---

[2]Opiyo makes this same claim about Experian and its separate motion to dismiss (Filing No. 49). Although the Court does not see Experian's purported reliance on the joint defendants' additional materials, the Court includes Experian in this Memorandum and Order to give it an opportunity to protect its own interests as it sees fit.

At this point, it is not entirely clear whether any of the parties' additional materials are necessarily embraced by the pleadings in the specific circumstances of this case as they contend. *See Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (explaining district courts generally "must convert a Rule 12(b)(6) motion into one for summary judgment if it considers evidence 'in opposition to the pleading'" but noting case-specific factors can complicate the issue (quoting *BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 688 (8th Cir. 2003))); Fed. R. Civ. P. 12(d), 56. Nor can the Court tell on initial review whether it will need to consider any of those materials in deciding the pending motions to dismiss Opiyo's various claims. *See Skyberg v. United Food & Com. Workers Int'l Union*, 5 F.3d 297, 302 n.2 (8th Cir. 1993) ("A court has wide discretion in electing to consider matters outside the pleadings."); *Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013) (stating courts "may look outside the pleadings to determine the threshold question of jurisdiction"); *Shain v. Veneman*, 376 F.3d 815, 817-18 (8th Cir. 2004); *Osborn*, 918 F.2d at 728-30, and n.6 (discussing Rules 12 and 56 and the difference between facial and factual attacks on subject-matter jurisdiction).

Of course, when a defendant factually attacks the Court's subject-matter jurisdiction, "a district court may look outside the pleadings to affidavits or other documents" without converting the Rule 12(b)(1) motion to a summary-judgment motion. *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018). The analysis gets more complicated if the jurisdictional issue is "'bound up' with the merits" or if the parties rely on the outside matters for non-jurisdictional issues. *Id.*; *see also Frazier v. Vilsack*, 419 F. App'x 686, 689 (8th Cir. 2011) (unpublished per curiam) (concluding the complexity of the alleged jurisdictional issue justified the district court considering "the Rule 12(b)(1) motion as one arising under Rule 12(b)(6)").

Out of an abundance of caution, the Court hereby advises the parties that it may rely on "matters outside the pleadings" in resolving the defendants' pending Rule 12(b)(6) motions, which in turn would require the Court to treat any such motion "as one for

3

summary judgment." Fed. R. Civ. P. 12(d); *see also Solomon v. Petray*, 795 F.3d 777, 786 n. 5 (8th Cir. 2015) (stating the decision to convert is a matter of discretion); *Osborn*, 918 F.2d at 729-30. Accordingly, the parties shall "present all the material that is pertinent to" such a motion on or before January 5, 2026. Fed. R. Civ. P. 12(d). Any response to such material shall be filed on or before January 20, 2026.

IT IS SO ORDERED.

Dated this 5th day of December 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge